**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | 3:CR-09-028-01 |
| : | (Kosik, J.) |
| MICHAEL T. CONAHAN, and : | |
| MARK A. CIAVARELLA, JR. : | |
| : | |
| **Defendants** : | |

**MOTION TO RECONSIDER THE *MEMORANDUM AND ORDER* (DOC.
ENTRY 39) REJECTING THE PLEA AGREEMENTS OF
MICHAEL T. CONAHAN AND MARK A. CIAVARELLA, JR.
(DOC. ENTRIES 3 & 5)**

The Defendants, Michael T. Conahan and Mark A. Ciavarella, Jr., by and through their respective undersigned counsel, hereby move this Honorable Court to reconsider its rejection of the Plea Agreements of Defendants Conahan and Ciavarella in this case. In support thereof, the Defendants hereby aver the following:

**Introduction.**

1.   On January 26, 2009, an *Information* was filed against Michael T.

Conahan and Mark A. Ciavarella, charging them with honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 and with conspiracy to file false tax returns in violation of 18 U.S.C. § 371. (Doc. Entry 1). The filing of the *Information* was accompanied by the filing of plea agreements with a binding recommendation of sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. Entries 3 & 5).

     2.     On February 12, 2009, the Defendants appeared before the Court and entered pleas of guilty to the charges.

     3.     On July 24, 2009 and July 27, 2009, the Presentence Reports concerning Defendants Conahan and Ciavarella was respectively disclosed.

     4.     On July 31, 2009, the Court issued a *Memorandum and Order* rejecting the aforesaid Plea Agreements pursuant to F.R.Cr.P. 11(c)(5). (Doc. Entry 39).

     5.     As discussed in greater detail below, Defendants Conahan and Ciavarella respectfully request that the aforesaid *Memorandum and Order* be reconsidered as well as the rejection of the Plea Agreements (Doc. Entries 3 & 5) in this case. In addition, the Defendants respectfully request that this Honorable Court accept the Plea Agreement (Doc. Entries 3 &5) and sentence Defendants Conahan and Ciavarella in conformance therewith.

6. Counsel for the government has been provided a copy of this motion. After reviewing the same, the government has indicated that it does not join in this motion because the parties jointly appeared before the Court and advocated that a.) the Court reconsider its *Memorandum and Order* (Doc. Entry 39) and the rejection of the Plea Agreements (Doc. Entries 3 & 5), and b.) the Court accept the Plea Agreements (Doc. Entries 3 & 5) and sentence Defendants Conahan and Ciavarella in conformance therewith. Although the Court denied the parties joint request at that time, the Defendant believe it is necessary to file the instant reconsideration motion of record.

7. Unless directed to do so by the Court, a separate brief in support of this Motion will not be filed as the basis for the motion stated herein.

### **Defendant Conahan's Motion for Reconsideration.**

8. As aforesaid, the Court issued a *Memorandum and Order* on July 31, 2009 rejecting the aforesaid Plea Agreements pursuant to F.R.Cr.P. 11(c)(5). (Doc. Entry 39).

9. Therein, the Court indicated *inter alia*: "In light of the post-guilty plea conduct and expressions from the defendants that contradict some offense conduct, the negotiated pleas, which were grounded in the good faith of the Government, are well below the sentencing guidelines of the charged offenses."

*See, Id.* p. 4.

10. The only post-guilty plea conduct by Defendant Conahan was his cooperation with the Probation Office in the preparation and revision of the Presentence Report and the filing of objections to the same; Defendant Conahan made no public statements concerning his offense conduct.

11. The Court indicated that Defendant Conahan's "post-guilty plea conduct" consisted exclusively of the filing of objections to certain portions of the "Offense Conduct" contained in the Presentence Report, which the Court indicated remained unresolved.

12. Based upon these objections, the Court indicated: "The report represents that Defendant Conahan refused to discuss his motivation behind his conduct, attempted to obstruct and impede justice and failed to clearly demonstrate affirmative acceptance of responsibility with his denials and contradictions of evidence, which is essential to the tenor of the Government's case." *See, Id.*

13. With respect to the filing of the objections, F.R.Cr.P. 32(f) affords Defendant Conahan the right to file objections to the Presentence Report, and the Plea Agreement preserves Defendant Conahan's right to file the same. Moreover, the Plea Agreement also establishes an obligation of the parties "to meet at least five (5) days prior to sentencing in a good faith attempt to resolve any substantive

differences. If any issues remain unresolved, they shall be communicated to the probation officer for his inclusion on an addendum to the presentence report." *See,* Doc. Entry 3, ¶ 14.

14.   In conformance with the Plea Agreement and F.R.Cr.P. 32(f), Defendant Conahan filed objections in this matter and counsel for Defendant Conahan and counsel for the government met in an attempt to resolve the same. At this meeting, a majority of Defendant Conahan's objections to the "Offense Conduct" section of the Presentence Report were resolved and Defendant Conahan revised his objections accordingly.

15.   Thereafter, counsel for Defendant Conahan and counsel for the government continued to discuss the remaining objections to the "Offense Conduct" section of the Presentence Report.  On July 17, 2009, a resolution to the remaining objections to the "Offense Conduct" section of the Presentence Report was reached, and the fact that a resolution had been reached was communicated to the Probation Officer.

16.   In addition, the *Memorandum and Order* indicates that Defendant Conahan's post-guilty plea conduct constitutes "an attempt to obstruct and impede justice."

17.   As stated above, Defendant Conahan's post-guilty plea conduct

5

consists exclusively of following the sentencing procedures outlined in F.R.Cr.P. 32. Defendant Conahan was cooperative with the Probation Officer in obtaining records and/or information relevant to the presentence investigation. Defendant Conahan timely responded either personally or through counsel to requests and/or questions by the Probation Officer for financial and background information, provided analysis of certain financial records at the Probation Officer's request and volunteered additional relevant information. Moreover, the fact that the initial version of the Presentence Report concluded that Defendant Conahan should receive a three (3) level reduction for "Acceptance of Responsibility" pursuant to U.S.S.G. § 3E1.1 reflects that Defendant Conahan did not "obstruct and impede justice" since the entry of his guilty plea.

18.   Finally, the *Memorandum and Order* relies upon Defendant Conahan's refusal "to discuss the motivation behind his conduct." Application Note 1 to USSG § 3E1.1 provides that " . . . a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection"

19.   The *Memorandum and Opinion* indicated that Defendant Conahan

6

remained silent as to his motivation behind his conduct.  Even if his motivation were considered relevant conduct, Defendant Conahan's maintaining his right to remain silent and his silence cannot be used against him in considering whether his conduct failed to demonstrate an acceptance of responsibility.  Moreover, despite his failure to "discuss the motivation behind his conduct" since his guilty plea, the initial version of the Presentence Report still provided that Defendant Conahan receive a three (3) level reduction for "Acceptance of Responsibility" pursuant to U.S.S.G. § 3E1.1.  *See also, United States v. Rudolph*, 137 F.3d 173, 177-178 (3rd Cir. 1998)(defendant need not offer any information about relevant conduct beyond the strict parameters of the office of conviction in order to accept responsibility).

20.   In light of these additional facts, this Honorable Court should reconsider the *Memorandum and Order* rejecting Defendant Conahan's Plea Agreement, accept the Defendant Conahan's Plea Agreement and sentence Defendant Conahan in accordance therewith.

## Defendant Ciavarella's Motion for Reconsideration.

21.   Under its *Memorandum and Order* of July 31, 2009, this Court refused to accept the binding plea agreement entered into by the Defendant Ciavarella because of his post-plea public statements denying a quid pro quo.

22. Unfortunately, confusion exists surrounding the nature of the charge of honest services fraud to which the defendant pled guilty.

23. As the Court is aware, there are two different types of honest services fraud. The first type involves bribery, which is established by either an express or implicit quid pro quo. The second type involves the non-disclosure of a conflict of interest. *See*, *United States vs. Kemp*, 500 F.3d 257, 284 (3rd Cir. 2007).

24. After lengthy and intense good faith negotiations between the parties, the government, in its executive capacity, elected to charge the Defendant Ciavarella with the second type of honest services fraud, i.e. non-disclosure of a conflict of interest. Of course, the Court at the time of its memorandum order was not privy to the substance of the negotiations between the parties.

25. Defendant Ciavarella, in his public statements commenting on his plea, has repeatedly acknowledged acceptance of responsibility for the honest services and tax charges by admitting that the government charged him with, and he pled guilty to, honest services fraud involving a non-disclosure of a conflict of interest and tax related crimes. Defendant Ciavarella repeatedly and rightfully denied inaccurate media reports regarding the nature of his plea.

26. In the pre-sentence report received by the Court, the United States Probation Office gives Defendant Ciavarella "acceptance of responsibility"

pursuant to U.S.S.G. § 3E1.1, despite his post-plea public statements.

27. Prior to the issuance of this Court's memorandum order, Defendant Ciavarella submitted to the Probation Office approximately 45 letters from friends and family attesting to the Defendant Ciavarella's character and background and **imploring this Court to accept the terms of the plea agreement.** The Court did not have the benefit of considering these letters in its determination of whether or not to accept the plea agreement.

28. In light of these additional facts, this Honorable Court should reconsider the *Memorandum and Order* rejecting Defendant Ciavarella's Plea Agreement, accept the Defendant Ciavarella's Plea Agreement and sentence Defendant Ciavarella in accordance therewith.

**WHEREFORE**, the Defendants Michael T. Conahan and Mark A. Ciavarella, Jr., respectfully request that this Honorable Court reconsider its *Memorandum and Order* (Doc. Entry 39) and the rejection of the Plea Agreements (Doc. Entries 3 & 5) in this case. In addition, Defendants Conahan and Ciavarella respectfully requests that this Honorable Court accept the Plea Agreements (Doc. Entries 3 & 5) and sentence Defendants Conahan and Ciavarella in conformance therewith.

Respectfully submitted,

*/s/ Philip Gelso, Esquire*
PHILIP GELSO
Briechle & Gelso, LLC
63 Pierce Street
Kingston, PA 18704
(570) 763-0006 | (570) 288-0243 (Fax)
philip.gelso@briechle-gelso.com

Counsel for Michael T. Conahan


*/s/ Albert J. Flora, Jr., Esquire*  */s/ William Ruzzo, Esquire*
ALBERT J. FLORA, JR.            WILLIAM RUZZO
33 West South Street            590 Rutter Avenue
Wilkes-Barre, PA 18701          Kingston, PA 18704
(570)825-6592|(570)270-6612 (Fax)  (570)288-7799|(570) 2888-7798 (Fax)
afloralaw@epix.net              Bill@alcaro-maguire.com

Counsel for Mark A. Ciavarella, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| vs. | : | **3:CR-09-028-01** |
| | : | **(Kosik, J.)** |
| **MICHAEL T. CONAHAN, and** | : | |
| **MARK A. CIAVARELLA, JR.** | : | |
| | : | |
| **Defendants** | : | |

## CERTIFICATE OF NONCONCURRENCE

On August 18, 2009, undersigned counsel provided a copy of the within *Motion* to counsel for the government who indicated that the government does not concur in this *Motion* as discussed in Paragraph 6 of the *Motion*.

                                            /s/ Philip Gelso, Esquire
PHILIP GELSO (PA 81934)
Briechle & Gelso, LLC
63 Pierce Street
Kingston, PA 18704
(570) 763-0006 | (570) 288-0243 (Fax)
philip.gelso@briechle-gelso.com

Dated:    <u>August 20, 2009</u>   Counsel for Michael T. Conahan

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | 3:CR-09-028-01 |
| | : | (Kosik, J.) |
| MICHAEL T. CONAHAN, and | : | |
| MARK A. CIAVARELLA, JR. | : | |
| | : | |
| **Defendants** | : | |

### CERTIFICATE OF SERVICE

I, Philip Gelso, do hereby certify that on August 20, 2009, I served a true and correct copy of the forgoing *Motion* to the following persons and in the manner indicated below.

<u>SERVED BY ECF</u>:

Gordon A.D. Zubrod, AUSA
United States Attorney's Office
228 Walnut Street
Harrisburg, PA 18708

William S. Houser, AUSA
United States Attorney's Office
Federal Building - Room 309
Scranton, PA 18501

   */s/ Philip Gelso, Esquire*
PHILIP GELSO (PA 81934)
Briechle & Gelso, LLC
63 Pierce Street
Kingston, PA 18704
(570) 763-0006 | (570) 288-0243 (Fax)
philip.gelso@briechle-gelso.com

Dated:        August 20, 2009    Counsel for Michael T. Conahan